Louis Pechman (LP-6395)
Berke-Weiss & Pechman LLP
488 Madison Avenue
New York, NY 10022
(212) 583-9500
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SAYED KHALIL, WAYNE WALKER, MOHAMED
ELMAHDY, and BRIAN LAHOFF, on behalf of
themselves and all others similarly situated,

07 Civ. 695 (RJH) (THK)

Plaintiffs,

-against-

ECF CASE

THE ORIGINAL HOMESTEAD RESTAURANT,
INC., d/b/a OLD HOMESTEAD, GREGORY
SHERRY, MARC SHERRY, and LUIS ACOSTA,

Defendants.

-------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT

POINT I

    THE FAIR LABOR STANDARDS ACT EXPRESSLY
    PROVIDES FOR AN AWARD OF ATTORNEYS' FEES ...................... 1

POINT II

    DEFENDANTS' RULE 68 OFFER OF JUDGMENT
    EXPRESSLY AUTHORIZES AN AWARD OF
    ATTORNEYS' FEES .................................................................................. 2

POINT III

    AS THE PREVAILING PARTY IN THIS CASE, PLAINTIFFS
    ARE ENTITLED TO REASONABLE ATTORNEYS' FEES ................. 3

POINT IV

    PLAINTIFFS' LODESTAR IS REASONABLE ........................................ 4

    A. The Requested Hourly Rates Are Reasonable ............................. 6

    B. Plaintiffs Request Compensation For Hours Which
       Were Reasonably Expended ........................................................ 8

POINT V

    PLAINTIFFS ARE ENTITLED TO REIMBURSEMENT
    OF THEIR COSTS ................................................................................... 10

POINT VI

    PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES
    RELATING TO THIS APPLICATION ................................................. 11

CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

| CASES | PAGE |
|---|---|
| *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1965) | 2 |
| *Anderson v. City of New York*, 132 F. Supp. 2d 239 (S.D.N.Y. 2001) | 10, 11 |
| *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007) | 4 |
| *Ayres v. 127 Restaurant Corp.*, No. 99-7723, 1999 U.S. App. LEXIS 34235 (2d Cir. Dec. 23, 1999) | 4 |
| *Bianco v. Erkins*, 284 B.R. 349 (S.D.N.Y. 2002) | 7 |
| *Blanchard v. Bergeron*, 489 U.S. 87 (1989) | 4 |
| *Blum v. Stenson*, 465 U.S. 886 (1984) | 6 |
| *DiFilippo v. Morizio*, 759 F.2d 231 (2d Cir. 1985) | 8 |
| *Farrar v. Hobby*, 506 U.S. 103 (1992) | 3 |
| *Gardner v. Catering by Henry Smith, Inc.*, 205 F. Supp. 2d 49 (E.D.N.Y. 2002) | 2 |
| *Gavin-Mouklas v. Information Builders, Inc.*, No. 97 Civ. 3085 (LAP), 1999 U.S. Dist. LEXIS 14448 (S.D.N.Y. Sept. 17, 1999) | 3 |
| *Gierlinger v. Gleason*, 160 F.3d 858 (2d Cir. 1998) | 6 |
| *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268 (2d Cir. 1992) | 2 |
| *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76 (2d Cir. 1983) | 2 |
| *Healey v. Leavitt*, 485 F.3d 63 (2d Cir. 2007) | 4 |
| *Hensley v. Eckerhart*, 461 U.S. 424 (1983) | 4, 5, 6 |
| *Insinga v. Coop. Centrale Raiffeisen Boerenleenbank B.A.*, 478 F. Supp. 2d 508 (S.D.N.Y. 2007) | 7 |
| *Koster v. Perales*, 903 F.2d 131 (2d Cir. 1990) | 3 |
| *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) | 10 |

*Lyte v. Sara Lee Corp.*, 950 F.2d 101 (2d Cir. 1991) ............................................. 3, 4

*Marek v. Chesny*, 473 U.S. 1 (1985) ............................................................ 10

*Morris v. Eversley*, 343 F. Supp. 2d 234 (S.D.N.Y. 2004) ............................. 10

*New York State Nat'l Org. for Women v. Pataki*, No. 93 Civ. 7146,
    2003 U.S. Dist. LEXIS 7272 (S.D.N.Y. Apr. 30, 2003) ........................... 7

*Parrish v. Sollecito*, 280 F. Supp. 2d 145 (S.D.N.Y. 2003) ............................. 6

*Pascuiti v. N.Y. Yankees*, 108 F. Supp. 2d 258 (S.D.N.Y. 2000) ................... 11

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
    478 U.S. 546 (1986) ................................................................................ 4, 5

*Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23 (2d Cir. 1983) ............. 6

*Quaratino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999) .......................... 4, 11

*Rahman v. The Smith & Wollensky Restaurant Group, Inc.*, 06 Civ. 6198,
    2008 U.S. Dist. LEXIS 34425 (S.D.N.Y. Apr. 29, 2008) ......................... 7

*Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170 (2d Cir. 1996) ......................... 11

*Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224
    (2d Cir. 2006) ........................................................................................... 4, 6

*Riverside v. Rivera*, 477 U.S. 561 (1986) ....................................................... 5

*Rozell v. Ross-Holst*, No. 05 Civ. 2936, 2008 U.S. Dist. LEXIS 41609
    (S.D.N.Y. May 29, 2008) ........................................................................... 3

*Soler v. G & U, Inc.*, 658 F. Supp. 1093 (S.D.N.Y. 1987) ............................... 2

*Tlacoapa v. Carregal*, 386 F. Supp. 2d 362 (S.D.N.Y. 2005) ..................... 6, 10

## STATUTES

Fair Labor Standards Act, 29 U.S.C. § 216(b) ................................................ 1, 3

Federal Rules of Civil Procedure Rule 68 ...................................................... 1, 10

New York Labor Law § 198 ........................................................................ 1, 2, 3

## PRELIMINARY STATEMENT

On May 30, 2008, plaintiffs Sayed Khalil, Wayne Walker, Mohamed Elmahdy, Brian LaHoff, Spiridon Hiotis, Eric Liberatos, Sebastian Gac and Christos Tsavegias (hereinafter collectively referred to as "plaintiffs") obtained "judgment in the amount of $36,000.00 as against the defendants," The Original Old Homestead Restaurant, Inc. d/b/a Old Homestead, Gregory Sherry, Marc Sherry, and Luis Acosta (hereinafter collectively referred to as "defendants"), pursuant to a Federal Rules of Civil Procedure Rule 68 Offer of Judgment, dated April 29, 2008, accepted by plaintiffs on May 8, 2008. (Clerk's Judgment # 08,0937, filed May 30, 2008.) Having obtained a judgment in their favor, plaintiffs now move for attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), the New York Labor Law § 198 ("NYLL"), and the terms of the Offer of Judgment.

Plaintiffs have provided detailed contemporaneous records of the time spent by counsel in connection with this case. In this application, plaintiffs seek the award of $119,737.15 to compensate their attorneys for their efforts and costs from the inception of this case through June 13, 2008, the date on which this application for fees was completed.

## ARGUMENT

### POINT I

### THE FAIR LABOR STANDARDS ACT EXPRESSLY PROVIDES FOR AN AWARD OF ATTORNEYS' FEES

The FLSA specifically provides that the court, in any action under the act, "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Similarly, the NYLL provides that "[i]n any action ... in which the employee

1

prevails, the court shall allow such employee reasonable attorney's fees." NYLL § 198(1-a). Therefore, an award of attorneys' fees incurred by a prevailing plaintiff is mandatory under the FLSA. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 263 (1975) ("statutes which are mandatory in terms of awarding attorneys' fees include the Fair Labor Standards Act"); *Soler v. G & U, Inc.*, 658 F. Supp. 1093, 1097 (S.D.N.Y. 1987) ("in addition to the FLSA's policy of encouraging private rights of action, the Court notes that its provision for the award of attorney's fees is not *permissive* but *mandatory*") (emphasis in original). The Court has discretion only as to determining the size of the award. *See Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 86 (2d Cir. 1983).

## POINT II

### DEFENDANTS' RULE 68 OFFER OF JUDGMENT EXPRESSLY AUTHORIZES AN AWARD OF ATTORNEYS' FEES

Plaintiffs are entitled to move for attorneys' fees in an FLSA case concluded by acceptance of a Rule 68 offer of judgment. *See, e.g. Gardner v. Catering by Henry Smith, Inc.*, 205 F. Supp. 2d 49, 51 (E.D.N.Y. 2002) (allowing plaintiffs, after entry of Rule 68 offer of judgment in an FLSA and NYLL case, to serve motion for attorneys' fees). Defendants' Offer of Judgment plainly states that the amount "does not include attorneys' fees" and that evidence of the Offer of Judgment "shall not be admissible in any court except in a proceeding to determine fees and costs in the event that Plaintiffs accept this offer."

"Offers of judgment pursuant to Fed. R. Civ. P. 68 are construed according to ordinary contract principles." *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992). As such, if a Rule 68 offer of judgment "appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument." *Id.* (internal quotations omitted). Defendants' Offer of Judgment

plainly states that the amount "does not include attorneys' fees" and that evidence of the Offer of Judgment "shall not be admissible in any court except in a proceeding to determine fees and costs in the event that Plaintiffs accept this offer." Accordingly, the Offer of Judgment in this case expressly contemplates and authorizes an award of attorneys' fees.

## POINT III

### AS THE PREVAILING PARTY IN THIS CASE, PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEYS' FEES

In an action brought pursuant to the FLSA and the NYLL, a "prevailing party" must be awarded reasonable attorneys' fees. *See* 29 U.S.C. § 216(b); NYLL § 198(1-a). "A plaintiff is a prevailing party when she 'succeed[s] on any significant issue in litigation which achieves some of the benefit' sought in the lawsuit." *Rozell v. Ross-Holst*, No. 05 Civ. 2936, 2008 U.S. Dist. LEXIS 41609, at *8 (S.D.N.Y. May 29, 2008) (*quoting Farrar v. Hobby*, 506 U.S. 103, 109 (1992)). In this regard, "[n]o adjudication of rights or admission of fault is necessary for a fee award." *Id. See also Gavin-Mouklas v. Information Builders, Inc.*, No. 97 Civ. 3085 (LAP), 1999 U.S. Dist. LEXIS 14448, at *8 (S.D.N.Y. Sept. 17, 1999) ("plaintiff accepted defendant's offer of judgment ... Accordingly, I find that plaintiff in this action qualifies as the prevailing party").

In *Lyte v. Sara Lee Corp.*, the Second Circuit explained that when determining whether a plaintiff is a "prevailing party," "it is helpful to identify the relief sought by the plaintiff and compare it with the relief obtained as a result of the suit. If the relief obtained is 'of the same general type' as the relief demanded in the complaint, a plaintiff may be considered to be a 'prevailing party.'" 950 F.2d 101, 104 (2d Cir. 1991) (*quoting Koster v. Perales*, 903 F.2d 131, 134-35 (2d Cir. 1990)) (holding an offer of judgment in the amount of $9500 in an employment discrimination case sufficient to

warrant an award of attorneys' fees). Here, each of the eight plaintiffs received monetary relief, which is the form of relief they originally sought in the Complaint in this action.

## POINT IV

## PLAINTIFFS' LODESTAR IS REASONABLE

A statutory award of attorneys' fees to prevailing plaintiffs is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate, yielding an amount traditionally known as the "lodestar." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (multiplying reasonable fee by reasonable expenditure of time to arrive at lodestar amount); *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (*quoting Hensley*, 461 U.S. at 433) ("In determining a fee award, the typical starting point is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate'"); *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (*citing Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)) ("In determining reasonable attorney's fees, a district court must calculate a lodestar figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate"). Recently the Second Circuit noted that the lodestar contemplates the reasonable hourly rate which "a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007).

The lodestar carries a strong presumption of being a reasonable amount for an award of attorneys' fees. *See Ayres v. 127 Restaurant Corp.*, No. 99-7723, 1999 U.S. App. LEXIS 34235 (2d Cir. Dec. 23, 1999) (FLSA case); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) ("There is ... a 'strong presumption' that the lodestar figure represents a reasonable fee.") (*quoting Pennsylvania v. Delaware Valley Citizens' Council*

4

*for Clean Air*, 478 U.S. 546, 565 (1986)). Plaintiffs' claim for fees is the product of a reasonable number of hours expended multiplied by an appropriate hourly rate, in light of the size and complexity of discovery in this case as well as the experience and knowledge of employment law issues possessed by plaintiffs' counsel. *See Hensley*, 461 U.S. at 433.

The time spent by plaintiffs' attorneys on this case is described in the Pechman Declaration and the contemporaneous time records attached thereto. *See* Declaration of Louis Pechman in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Pechman Decl."), Exhibit A. Plaintiffs request attorneys' fees for partner Louis Pechman ("Pechman"), who was lead counsel in this case, and associate Jaime Duguay ("Duguay"). The Pechman Declaration and the time records attached thereto provide a detailed overview of the tasks performed to bring this action to its successful resolution for plaintiffs.

Notably, significant expenditures of time have been excluded from the time records in the interests of billing discretion. *See* Pechman Decl. Ex., A. *See also Riverside v. Rivera*, 477 U.S. 561, 569 n. 4 (1986) (attorney should exercise discretion in excluding hours which are excessive, redundant, or otherwise unnecessary from motion for fee compensation). In particular, time was excluded from the bill when it was duplicative, excessive, or otherwise inappropriate for billing. Although other attorneys and staff at Berke-Weiss & Pechman LLP ("BWP") expended considerable time on this matter, BWP is not requesting attorneys' fees for those individuals. Nor does BWP seek compensation for day-to-day issues which arose regarding plaintiffs' allegations of retaliation and harassment by Old Homestead management. Accordingly, the attorneys' fees and costs sought herein are reasonable and appropriate. Furthermore,

5

plaintiffs have exercised billing judgment to eliminate unreasonable or duplicative efforts from inclusion in this calculation.

### A. The Requested Hourly Rates Are Reasonable

Under the standards set forth in *Hensley* and subsequent cases, a reasonable hourly rate is one which is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to ... as the prevailing market rate." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *see also Reiter*, 457 F.3d at 232 ("It is well-established that the prevailing community a district court should consider to determine the lodestar figure is normally 'the district in which the court sits'") (*quoting Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)). Among the factors to be considered in the assignment of hourly rates are the quality of representation and the experience and special skill of the attorney. *See Blum*, 465 U.S. at 898-99. The rates used should be "current rather than historic hourly rates" for the district in which the Court sits. *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998).

"[A]n attorney's customary rate is a significant factor in determining a reasonable rate." *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 369 (S.D.N.Y. 2005) (*citing Parrish v. Sollecito*, 280 F. Supp. 2d 145, 169-70 (S.D.N.Y. 2003)). In this application, plaintiffs seek compensation for Pechman's time at his customary rate of $400 per hour for all work done from the inception of this case through December 31, 2008, and $500 for all work done from January 1, 2008 through the date of this application, rates well within the range of hourly rates charged for persons of comparable skill and experience in the Southern District, and the regular hourly rates paid by BWP clients. Pechman Decl., Ex. A. Plaintiffs seek the hourly rates of $150 for Duguay, which is at the low end

of the $150 - $200 rate customarily charged to BWP clients for her time. Pechman Decl., ¶ 27, Ex. A.

The rates charged by BWP are reasonable based on prevailing rates in the Southern District of New York, and are appropriate to the level of skill of the attorneys who represented the plaintiffs. These rates are in line with other judicially-awarded rates for Southern District attorneys and in labor and employment law cases. *See Rahman v. The Smith & Wollensky Restaurant Group, Inc.*, 06 Civ. 6198, 2008 U.S. Dist. LEXIS 34425 (S.D.N.Y. Apr. 29, 2008) (awarding $540 per hour to attorney with 30 years of litigation experience and $350 per hour to attorney practicing ten years); *Insinga v. Coop. Centrale Raiffeisen Boerenleenbank B.A.*, 478 F. Supp. 2d 508 (S.D.N.Y. 2007) (awarding $475 for lead attorney, $350 for co-counsel partner, and $150 to $225 for associates with experience ranging from less than one year to four years of experience); *New York State Nat'l Org. for Women v. Pataki*, No. 93 Civ. 7146, 2003 U.S. Dist. LEXIS 7272, *7-10 (S.D.N.Y. Apr. 30, 2003) (awarding, five years ago, hourly rates of $430 and $400 for senior attorneys and $150 for junior attorney); *Bianco v. Erkins*, 284 B.R. 349, 352 (S.D.N.Y. 2002) (six years ago, holding $535-$595 to be reasonable hourly rates for partners).

Louis Pechman, a partner at BWP, has twenty-five years' experience as a practitioner in the field of labor and employment law. Pechman has worked as a labor and employment attorney at Skadden, Arps, Slate, Meagher & Flom LLP, Vladeck, Waldman, Elias & Engelhard, P.C., and Lambos & Giardino, as in-house labor counsel with the New York Daily News, and as a Field Examiner with the National Labor Relations Board. Since 1996, he has had a partnership with Laurie Berke-Weiss, who also specializes in employment law. Ms. Berke-Weiss is a past President of the New York Women's Bar Association.

Jaime Duguay, a second-year associate at BWP, graduated from New York Law School, *cum laude*, in 2006. At New York Law School, she was a member of the New York Law School Moot Court Association and was a National Finalist at the Regent University National Constitutional Law Moot Court Competition. She joined BWP in November 2006, and in the ensuing time has worked on a variety of federal court matters, including three FLSA lawsuits involving extensive discovery.

### B. Plaintiffs Request Compensation For Hours Which Were Reasonably Expended

To determine whether hours should be compensated, the Court must:

> [e]xamine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case...In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.

*DiFilippo v. Morizio*, 759 F.2d 231, 235-36 (2d Cir. 1985).

The time spent by plaintiffs' lawyers on this case is described in the Pechman Declaration and the contemporaneous time records attached thereto. *See* Pechman Decl., Ex. A. As evidenced by the contemporaneous time records of plaintiffs' counsel, this case was reasonably staffed. Most of the time spent on the case was expended by Pechman and Duguay, the partner and associate assigned to the case since its inception, who guided the case through its collective action certification and discovery period involving considerable disputes. Pechman Decl., Ex. A.[1]

---

[1] In addition, a significant amount of time was expended on this case by junior-level associates, who were brought into the case for various research, document review, and editing tasks on an as-needed basis, primarily performing tasks not requiring Pechman's greater expertise or Duguay's familiarity with the factual issues. Legal interns were also utilized whenever practicable. However, neither the junior-level associates' time, nor the legal interns' time is included in this attorneys' fees application.

BWP expended a large amount of time on this case, principally exploring novel legal issues presented, including manager participation in a tip pool while providing minimal table service, and the company's paying its employees for a pre-determined number of hours, regardless of the time the employees actually worked. Time was spent evaluating the case, drafting a detailed and fact-specific complaint, and reviewing the complex legal issues involved. BWP also successfully moved to certify this case as a collective action, which included submitting an affidavit by plaintiff Sayed Khalil regarding his knowledge of the factual issues in this case. BWP also evaluated issues regarding whether to move to certify this case as a class action. BWP reviewed thousands of plaintiffs' documents which, due to the nature of the restaurant business and the issues in this case, mainly consisted of scraps of clock in/clock out sheets, customer checks, "employee detail" reports, and payroll records, among others. In addition, BWP expended a large amount of time reviewing thousands of pages of plaintiffs' documents and thousands of documents produced by defendants in the course of discovery. Although ultimately unsuccessful, BWP devoted time to engaging in settlement negotiations with defendants. BWP also spent time defending against unfounded allegations by defendants regarding Pechman's and Khalil's behavior at the two depositions in this case.

In evaluating the hours expended by plaintiffs' counsel, it must be noted that a large portion of the hours spent on this action were the result of defendants' failure to produce documents requested by plaintiffs. (Plaintiffs did produce thousands of irrelevant documents, insisting that the documents contained the information plaintiffs requested.) Review and analysis of these documents required many hours, multiple letters to the Court, and repeated and detailed correspondence to defense counsel seeking to compel production of these documents.

For the reasons stated in the Pechman Declaration and the principles acknowledged by the courts in the above-cited decisions, the hours for which compensation is requested were reasonably expended. Plaintiff therefore requests $117,125.00 in attorneys' fees through the date of June 13, 2008.

## POINT V

## PLAINTIFFS ARE ENTITLED TO REIMBURSEMENT OF THEIR COSTS

Plaintiffs' litigation costs of $2,612.15 are detailed in the disbursement records annexed as Exhibit A to the Pechman Declaration. Having accepted defendants' Rule 68 Offer of Judgment, plaintiffs are entitled to reimbursement for "costs then accrued." Fed. R. Civ. P. 68 ("[A] party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.") Where, as here, the Offer of Judgment does not state that costs are included, or specify an amount for costs, "the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs." *Marek v. Chesny*, 473 U.S. 1, 6 (1985) (citations omitted).

The costs incurred by plaintiffs in the prosecution of this action are reasonable and of the type normally charged to clients of BWP, including plaintiffs. *See* Pechman Decl., Ex. A; *see also Tlacoapa*, 386 F. Supp. 2d at 374 (FLSA case holding, "It is well-settled in this Circuit that 'attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients'"), *quoting LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (awarding costs in action pursuant to 42 U.S.C. § 1988); *Morris v. Eversley*, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004) (awarding costs for "any additional costs ordinarily charged in the particular legal marketplace"); *Anderson v. City of New York*, 132 F. Supp. 2d 239 (S.D.N.Y. 2001)

(awarding costs for service, filing, and witness fees, photocopies, depositions and transcripts which appeared to be reasonably necessary at the time conducted, and computerized research).

## POINT VI

## PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES RELATING TO THIS APPLICATION

Time reasonably spent on preparing a fee application is also recoverable. *See Quaratino*, 166 F.3d at 427-28 (finding work performed on post-trial motions and fee applications to be compensable); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) ("attorneys' fees for the preparation of the fee application are compensable"); *Pascuiti v. N.Y. Yankees*, 108 F. Supp. 2d 258, 273 (S.D.N.Y. 2000) (awarding prevailing plaintiff attorneys' fees for time spent preparing motion for attorneys' fees). Plaintiffs' fee application includes time spent researching and drafting this brief, Pechman Declaration, and fee application, as well as disbursements that were paid, through June 13, 2008. Pechman Decl., Ex. A.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant plaintiffs an award of attorneys' fees in the amount of $117,125.00 and costs of $2,612.15, for a total of $119,737.15, as set forth in the Pechman Declaration.

Dated: New York, New York
June 13, 2008

Respectfully submitted,

By: _____
Louis Pechman (LP-6395)
Berke-Weiss & Pechman LLP
488 Madison Avenue, 11th Floor
New York, New York 10022
*Attorneys for Plaintiffs*

11