Louis Pechman (LP-6395)
Berke-Weiss & Pechman LLP
488 Madison Avenue
New York, NY 10022
(212) 583-9500
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SAYED KHALIL, WAYNE WALKER, MOHAMED          :
ELMAHDY, and BRIAN LAHOFF, on behalf of      :
themselves and all others similarly situated,        :          07 Civ. 695 (RJH) (THK)
                                             :
                                             :
                              Plaintiffs,    :
                                             :
            -against-                        :
                                             :          **ECF CASE**
THE ORIGINAL HOMESTEAD RESTAURANT,           :
INC., d/b/a OLD HOMESTEAD, GREGORY           :
SHERRY, MARC SHERRY, and LUIS ACOSTA,        :
                                             :
                              Defendants.    :
-------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' OPPOSITION TO AND IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT.......................................................................... 1

ARGUMENT

    I.      PLAINTIFFS ARE PREVAILING PARTIES................................... 1

    II.     THE LODESTAR IS REASONABLE............................................... 2

          a.  The Hours Expended Were Reasonable...................................... 3

          b.  The Discovery Process Was Well-Advanced............................. 4

          c.  BWP's Time Entries Are Sufficiently Descriptive ..................... 5

          d.  Duguay's Administrative Time Is Compensable ...................... 6

          e.  Pechman Performed Tasks Appropriate
             To His Experience ...................................................................... 6

          f.  The Requested Hourly Rates Are Reasonable........................... 7

          g.  Fees Incurred Prior To Filing The
             Complaint Are Compensable...................................................... 7

    III.    PLAINTIFFS ACHIEVED MORE THAN
        A NUISANCE SUCCESS ................................................................ 8

    IV.   THE ARBITRATION PROCEEDING HAS
        NO BEARING ON THIS MOTION................................................ 9

    V.     THE COURT SHOULD GRANT BWP'S
        REQUEST FOR COSTS................................................................... 9

    VI.   CONCLUSION ................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**                                                                         **PAGE**

*A.R. ex rel. R.V. v. New York City Dep't of Educ.,*
407 F.3d 65 (2d Cir. 2005) ........................................................... 6

*Access 4 All, Inc. v. HI 57 Hotel, LLC,* 04 Civ. 6620,
2006 U.S. Dist. LEXIS 2695 (S.D.N.Y. Jan. 26, 2006) ............... 2

*Aiello v. Town of Brookhaven,* No. 94-CV-2622,
2005 U.S. Dist. LEXIS 11462 (E.D.N.Y. June 13, 2005).............. 5

*Ayres v. 127 Restaurant Corp.,* 96 Civ. 1255, 1999 U.S. Dist. LEXIS 7935,
(S.D.N.Y. May 21, 1999)............................................................. 3

*Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.,*
970 F. Supp. 333 (S.D.N.Y. 1997)............................................... 5

*Blum v. Stenson,* 465 U.S. 886 (1984) ............................................ 7

*Catanzano v. Doar,* 378 F. Supp. 2d 309 (W.D.N.Y. 2005)................. 3

*City of Riverside v. Rivera,* 477 U.S. 561 (1986)............................... 3

*Cho v. Koam Med. Servs. P.C.,* 524 F. Supp. 2d 202 (E.D.N.Y. 2007) ................. 3

*Christiansburg Garment Co. v. EEOC,* 434 U.S. 412 (1978) ............... 1

*Cruz v. Apfel,* 48 F. Supp. 2d 226 (E.D.N.Y. 1999) ............................ 6

*Cruz v. Henry Modell & Co.,* CV 05-1450,
2008 U.S. Dist. LEXIS 25339 (E.D.N.Y. Mar. 31, 2008) ............. 8

*DeFilippo v. Morizio,* 759 F.2d 231 (2d Cir. 1985) .......................... 7, 8

*Fisher v. Kelly,* 105 F.3d 350 (7th Cir. 1997) ..................................... 2

*Foster v. Kings Park Cent. Sch. Dist.,* 174 F.R.D. 19 (E.D.N.Y. 1997)................... 2

*Grant v. Martinez,* 973 F.2d 96 (2d Cir. 1992)................................... 4

*Grochowski v. Ajet Const. Corp.,* 97 Civ. 6269,
2002 U.S. Dist. LEXIS 5031 (S.D.N.Y. Mar. 27, 2002)............... 8, 9

*Hnot v. Willis Group Holdings,* 01 Civ. 6558,
2008 U.S. Dist. LEXIS 28312 (S.D.N.Y. Apr. 7, 2008)............... 4, 5, 6

*Kassam v. City of Schenectady*, 415 F.3d 246 (2d Cir. 2005) ................................. 8

*Lavin-McEleney v. Marist College*, 96 Civ. 4081,
　　1999 U.S. Dist. LEXIS 22499 (S.D.N.Y. Sept. 28, 1999) .......................... 8

*Nazario v. Comm'r of Soc. Sec.*, 04 Civ. 2453,
　　2006 U.S. Dist. LEXIS 94512 (S.D.N.Y. Dec. 28, 2006) .......................... 6

*Peterson v. Continental Casualty Co.*, 282 F.3d 112 (2d Cir. 2002) ...................... 7, 8

*Perrin v. John B. Webb & Associates, Inc.*, No. 6:04-cv-399-Orl,
　　2005 U.S. Dist. LEXIS 35473 (M.D. Fla. Oct. 6, 2005) ............................ 9

*Stefan v. Laurenitis*, 889 F.2d 363 (1st Cir. 1989) ................................................. 2

## STATUTES

Fair Labor Standards Act, 29 U.S.C. § 216(b) ....................................................... *passim*

New York Labor Law § 190 et seq. ..................................................................... 1, 5

## MICELLANEOUS

BLAISE PASCAL, LETTRES PROVINCIALES, Letter 16, (1657) ................................. 4

WILLIAM STRUNK & E.B. WHITE, THE ELEMENTS OF STYLE 23
　　(Allyn and Bacon, 3d Ed. 1979) (1919) ................................................. 4

## PRELIMINARY STATEMENT

Plaintiffs Sayed Khalil, Wayne Walker, Mohamed Elmahdy, Brian LaHoff, Sebastian Gac, Spiridon Hiotis, Eric Liberatos and Christos Tsavegias (hereinafter, "plaintiffs"), submit this Memorandum in response to the Memorandum in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs submitted by defendants The Original Homestead Restaurant ("Old Homestead"), Gregory Sherry, Marc Sherry and Luis Acosta ("Acosta") (collectively, "defendants"). Plaintiffs seek a fee award for time expended by Louis Pechman ("Pechman") and Jaime Duguay ("Duguay"), attorneys at Berke-Weiss & Pechman LLP ("BWP"). Contrary to defendants' first argument that plaintiffs are not entitled to an attorneys' fee award, such an award is mandatory in an action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") where plaintiffs have obtained a judgment as in this case. Moreover, defendants' second argument, that plaintiffs' proposed request for fees and costs should twice be reduced by 60%, is unwarranted as the requested fees are reasonable.

## ARGUMENT

### I.    PLAINTIFFS ARE PREVAILING PARTIES

Defendants' contention that a disclaimer of liability in the Offer of Judgment forecloses fees has no bearing on an FLSA case in which the award of fees is made mandatory by specific statutory language. The FLSA specifically requires that the Court, in any action under the Act,

> shall in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action.

29 U.S.C. § 216(b). *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 n. 5 (1978) (noting that § 216(b)'s use of the word "shall" "make[s] fee awards mandatory for prevailing plaintiffs").

1

The only case in this Circuit to cite *Fisher v. Kelly*, 105 F.3d 350 (7th Cir. 1997) (the police misconduct case relied on by defendants) in relation to a disclaimer of liability, rejected *Fisher* and expressly held that the disclaimer "will not necessarily insulate the [defendant] from a motion for attorney's fees." *Foster v. Kings Park Cent. Sch. Dist.*, 174 F.R.D. 19, 26 (E.D.N.Y. 1997) (Spatt, J.). Judge Spatt rejected *Fisher*, instead adopting the approach taken by the First Circuit in *Stefan v. Laurenitis*, 889 F.2d 363 (1st Cir. 1989), looking at the totality of the circumstances in determining whether a plaintiff is a prevailing party. *Foster*, 174 F.R.D. at 26.

Moreover, it bears noting that plaintiffs achieved more than a money judgment. The two major policies of Old Homestead that were the subject of this dispute (General Manager Acosta's receipt of tips and the calculation of hours for wages) have been changed. (*See* Affidavit of Wayne Walker.) *See also Access 4 All, Inc. v. HI 57 Hotel, LLC*, 04 Civ. 6620, 2006 U.S. Dist. LEXIS 2695, at *4-5 (S.D.N.Y. Jan. 26, 2006) (holding that results achieved by filing lawsuit, but not officially incorporated into settlement, combined with money judgment renders plaintiff prevailing party).

In addition, the Offer of Judgment awarded plaintiffs "thirty-six thousand dollars ($36,000), *which amount does not include attorneys' fees*" (emphasis added). Had defendants intended to preclude an award of attorneys' fees under a mandatory fee statute, they should have made the Judgment *inclusive* of attorneys' fees. Any ambiguity in the wording must be construed against defendants, who drafted the Offer of Judgment.

## II.    THE LODESTAR IS REASONABLE

Defendants urge the Court to reduce the requested fees by 60%, but review of BWP's billing shows that the lodestar is reasonable. (*See* Affidavit of Louis Pechman ("Pechman Aff."))

## A. The Hours Expended Were Reasonable

BWP expended reasonable time given the fact-intensive nature of the case and the legal claims presented, each of which were sharply disputed by defendants. Although plaintiffs disagree with defendants' characterization of the "straightforward claims in this case," case law does not support a reduction on these grounds even if the claims were straightforward. *See Ayres v. 127 Restaurant Corp.*, 96 Civ. 1255, 1999 U.S. Dist. LEXIS 7935, at *4 (S.D.N.Y. May 21, 1999) (Chin, J.) ("I do not agree with defendant's characterization that this is a 'straight-forward' case, but even if that were true, that would be no basis for reducing attorneys' fees"). Defendants rely mainly on inapplicable non-FLSA actions. *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202 (E.D.N.Y. 2007) (Vitaliano, J.), the only FLSA case cited by defendants, was a *pro bono* case staffed by many young associates producing duplicative work, and the Court ruled "defendants should not have to bear the cost of such training." *Id.* at 210. In contrast, BWP has greatly reduced any duplicative time of Pechman and Duguay, and entirely removed all time spent by other associates less familiar with the case.

In addition, this Court should take note of defendants' vigorous defense of this case, which is largely responsible for the protracted amount of time spent on some aspects of this case. Defendants "should not now be heard to complain because [their] own tactics necessitated plaintiffs' use of multiple attorneys, or forced plaintiffs' counsel to expend additional time on the case." *Catanzano v. Doar*, 378 F. Supp. 2d 309, 322 (W.D.N.Y. 2005); *see also City of Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (1986) ("The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by plaintiff in response"). Defendants' tactics resulted as well in time spent by plaintiffs' counsel in response to multiple letters to the Court and to plaintiffs regarding depositions, alleged misconduct by plaintiffs and their counsel, and other

3

discovery issues. Specific criticisms raised in section II of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs ("Def.'s Mem. Opp'n") are addressed in the attached Affidavit of Louis Pechman.

Defendants' contend that BWP's time expended in preparing subpoenas and for depositions rendered unnecessary by the Offer of Judgment is not compensable, however, "the inquiry is not based on what effort was necessary in hindsight, but rather on whether 'at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Hnot v. Willis Group Holdings*, 01 Civ. 6558, 2008 U.S. Dist. LEXIS 28312, at *4 (S.D.N.Y. Apr. 7, 2008) (Lynch, J.) (*quoting Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). Any reasonable attorney would have prepared likewise as it could not be known that defendants would make their Offer of Judgment.

Finally, as a general matter, defendants' dispute with time expenditures of plaintiffs' counsel appears to be based on the erroneous assumption that there is a correlation between the length of the finished product and the time spent in drafting. In this regard, however, Blaise Pascal aptly wrote, "I have written you a long letter because I did not have time to write a short one." BLAISE PASCAL, LETTRES PROVINCIALES, Letter 16, 1657. *See also* WILLIAM STRUNK & E.B. WHITE, THE ELEMENTS OF STYLE 23 (Allyn and Bacon, 3d Ed. 1979) (1919) ("Vigorous writing is concise").

## B. The Discovery Process Was Well-Advanced

Defendants state that a minimal amount of discovery took place, citing one full deposition, one deposition aborted by defendants, and the 5,895 documents produced, but this ignores the fact that this was principally a document case, and defendants shuffled together the documents that were produced with no apparent organization. Carol Troche, Marc Sherry and Greg Sherry would have been deposed prior to issuance of the Offer of Judgment had the payroll documents been produced in a timely manner

4

or the Sherrys been available for their scheduled depositions. Moreover, defendants' failure to maintain records in accordance with FLSA and NYLL requirements rendered discovery even more difficult. Neither does defendants' analysis account for the many documents provided by plaintiffs that were reviewed in preparation of the case. Finally, it bears noting that plaintiffs accepted the Offer of Judgment on May 8, 2008, only 43 days prior to the close of an extended discovery period.

### C. BWP's Time Entries Are Sufficiently Descriptive

Contrary to defendants' assertions, BWP's submitted time records are sufficiently descriptive as "it is not required that counsel describe in great detail how billable time was spent; it is sufficient to identify the general subject matter of time expenditures." *Aiello v. Town of Brookhaven*, No. 94-CV-2622, 2005 U.S. Dist. LEXIS 11462, at *9 (E.D.N.Y. June 13, 2005). Even where entries are facially vague, "courts may attempt to decipher them by reference to the context in which these entries occur [to determine] what work was involved." *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 970 F. Supp. 333, 342 (S.D.N.Y. 1997). BWP's time entries meet this Circuit's specificity requirements.

Furthermore, the block billing sometimes used by BWP is permissible because it still complies with the requirement that entries include the date, hours expended, and nature of the work done, and it conforms to what a reasonable client expects to see in periodic invoices from his attorneys. *See Hnot*, 2008 U.S. Dist. LEXIS 28312 at *18. Moreover, "absent evidence that plaintiffs' block-billing has obscured such unreasonable billing, the Court will not impose an across-the-board penalty simply because a law firm has engaged in a generally accepted billing practice." *Id.* at *20. BWP utilized block billing if a series of related tasks were performed in succession or intermingled, such as drafting motions and researching supporting case law as needed.

5

### D. Duguay's Administrative Time Is Compensable

Upon reexamination of Duguay's time entries, plaintiffs agree with defendants that a portion of her time constitutes clerical or administrative work. While this time is not compensable at her normal hourly rate of $150 per hour, it is compensable at a reduced rate in accordance with normal billing practices for support staff. *See Nazario v. Comm'r of Soc. Sec.*, 04 Civ. 2453, 2006 U.S. Dist. LEXIS 94512, at *16 (S.D.N.Y. Dec. 28, 2006) ("the Court sees no reason to completely eliminate compensation for [clerical] work. Had the work been performed by a paralegal assistant, it would be compensable"). BWP routinely bills paying clients at a rate of $75 per hour for work performed by paralegals and law students, a fee in accordance with other court awards for clerical work. *See A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 71-72 (2d Cir. 2005) (affirming award calculation including rate of $75 per hour for paralegal assistant's time); *Cruz v. Apfel*, 48 F. Supp. 2d 226, 230 (E.D.N.Y. 1999) (awarding $75 per hour for student interns' and paralegal assistant's time).

### E. Pechman Performed Tasks Appropriate To His Experience

As evidenced by the contemporaneous time records submitted, while Pechman did spend short periods of time devoted to drafting documents, it is a fraction of the actual time spent by BWP in drafting these documents. Defendants claim Duguay's expenditure of time was already too long, yet also claim she should have done more, reducing time spent by Pechman. Most of the work was, in fact, assigned to Duguay, as shown by her time entries. Pechman offered assistance on occasions where speed or expertise was needed, or to "jump-start" the work for the junior attorney. The hours expended by Pechman thus served the reasonable purpose of significantly reducing the number of junior attorney hours expended by compensating for the learning curve.

6

## F.  The Requested Hourly Rates Are Reasonable

The cases cited by defendants relating to typical hourly rates are too old to accurately reflect current market rates.  As for defendants' contention that there were no difficult or novel questions of law, the Second Circuit has stated "under the logic of *Blum v. Stenson*, 465 U.S. 886 (1984), the fact that a case is straightforward is not grounds to reduce a lodestar award."  *DeFilippo v. Morizio*, 759 F.2d 231, 235 (2d Cir. 1985).

Pechman's requested hourly rate of $400 per hour up to January 1, 2008 and $500 per hour after that date is in accordance with the rates charged by him to paying BWP clients, as sworn to in the Declaration of Louis Pechman in Support of Plaintiffs' Motion for Attorneys' Fees and Costs.  If this attorney statement is insufficient to appease the Court, BWP will gladly submit, *in camera*, retainer agreements with paying clients evidencing their willingness to pay these rates for Pechman's expertise.  Although BWP is a smaller firm, its unblemished reputation in the labor and employment field allows it to command rates on par with much larger firms.  Indeed, in its effort to shave BWP hours off the lodestar for taking too long on litigation tasks, defendants' Memorandum acknowledges BWP's experience, describing it as "a boutique labor and employment firm that has templates and research in its possession to complete the work performed in this case," an "employment and labor litigation specialty firm," with "extensive experience in other wage and hour litigation."  (Def.'s Mem. Opp'n at 1, 6, 7.)

## G. Fees Incurred Prior To Filing The Complaint Are Compensable

Defendants cite *Peterson v. Continental Casualty Co.*, 282 F.3d 112 (2d Cir. 2002) as a basis for denying fees for hours expended prior to filing the Complaint, however, *Peterson* was concerned only with whether fees incurred during an administrative proceeding conducted prior to filing claim were compensable under ERISA's attorneys' fee provision.  (Def.'s Mem. Opp'n at 18-19.)  That decision, however, concerns itself

7

solely with the distinction between administrative proceedings and actions filed in court, not with time expended on pre-action preparation and drafting pleadings. In contrast, courts typically award attorneys' fees for time expended prior to filing a complaint. *See, e.g., Lavin-McEleney v. Marist College*, 96 Civ. 4081, 1999 U.S. Dist. LEXIS 22499 (S.D.N.Y. Sept. 28, 1999) (Fox, J.) (awarding fees for pre-filing settlement discussions); *Cruz v. Henry Modell & Co.*, CV 05-1450, 2008 U.S. Dist. LEXIS 25339, at *19-20 (E.D.N.Y. Mar. 31, 2008) (Tomlinson, J.) (awarding fees for time spent drafting complaint).

## III.   PLAINTIFFS ACHIEVED MORE THAN A NUISANCE SUCCESS

Defendants contend that plaintiffs merely achieved a nuisance success by accepting the $36,000 Offer of Judgment. The amounts individual plaintiffs received ranged from $1,500 to $7,500, dependent in part upon the length of their employment at Old Homestead. While these amounts may seem nominal to someone earning a New York lawyer's salary, to waiters working for a reduced minimum wage of $4.60 per hour plus any tips they can earn, the amounts were hardly "nuisance."

Defendants cite to this allegedly low monetary award to justify reducing the fee award, but recovery in FLSA actions is typically low and attorneys' fees are awarded to facilitate private enforcement of important public policy concerns addressed by the FLSA. Recognizing this, the Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Kassam v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005) *(citations omitted)*. *See also DiFilippo*, 759 F.2d at 235 ("We believe a reduction made on the grounds of a low award to be error"); *Grochowski v. Ajet Constr. Corp.*, 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031 (S.D.N.Y. Mar. 27, 2002) (Buchwald, J.) (awarding $97,207.50 in attorney's fees in an overtime case where five plaintiffs recovered a total of

8

$26,000); *Perrin v. John B. Webb & Associates, Inc.*, No. 6:04-cv-399-Orl, 2005 U.S. Dist. LEXIS 35473 (M.D. Fla. Oct. 6, 2005) (awarding $7,446.00 in fees in a case where plaintiff recovered only $270 and recognizing that "in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time").

## IV.   THE ARBITRATION PROCEEDING HAS NO BEARING ON THIS MOTION

The grievance arbitration brought by plaintiffs' union, Local 100 UNITE HERE!, was a satellite litigation that BWP spent numerous hours monitoring and assisting in the hapless representation of Local 100, but none of that time is requested in this fee application. Unfortunately, the plaintiffs' representation at the arbitration hearing, handled by their union attorneys, was perfunctory at best. While plaintiffs' attorneys did what they could from the sidelines to protect plaintiffs' interest, they were not permitted to participate in the presentation of the case.

Defendants make an insupportable argument that because "Plaintiffs saw the writing on the wall from the related arbitration decision that was handed down in early May 2008, Plaintiffs took 'what they could get,' in the federal action by accepting a low-ball Offer of Judgment." (Def.'s Mem. Opp'n 22.) This argument is belied by the facts. Put simply, plaintiffs accepted defendants' Offer of Judgment in a letter dated May 8, 2008. It is impossible that an arbitration decision dated eleven days later, on May 19, 2008, prompted plaintiffs' acceptance.

## V.   THE COURT SHOULD GRANT BWP'S REQUEST FOR COSTS

Defendants claim that plaintiffs have not been sufficiently specific in their application for costs. However, cases cited by defendants are distinguishable as the costs for photocopying have been identified by month, and clearly indicate the cost per page. Copies made by BWP are tallied by a machine that requires input of a client code

for billing purposes, but does not store greater detail. It would be ludicrous and inefficient to expect BWP to itemize in further detail each copy made.

Defendants' proposition that "overstaffing" may have led to overcopying is not true, as all attorneys are members of BWP and had no need to make extra copies for review. Moreover, BWP stores digital copies of documents, which employees print from the server as needed. No charge is made for documents printed in this manner.

Photocopy rates of fifteen cents per page are reasonable and are normally paid by clients of BWP. In this regard, it bears noting that the Southern District of New York itself charges twenty-five cents per page for copies at its 500 Pearl Street courthouse.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant plaintiffs an award of attorneys' fees and costs as modified by the additional reductions contained herein and as noted in the accompanying Affidavit of Louis Pechman.

Dated:  New York, New York
        July 8, 2008

Respectfully submitted,

By: _____
     Louis Pechman (LP-6395)
     Berke-Weiss & Pechman LLP
     488 Madison Avenue, 11th Floor
     New York, New York 10022
     *Attorneys for Plaintiffs*