UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                  :

SAYED KHALIL, WAYNE WALKER,
MOHAMED ELMAHDY, and BRIAN LAHOFF, on  :
behalf of themselves and all others similarly situated,

                                                                   :

                    Plaintiffs,                              07 Civ. 695 (RJH)(THK)

                                                                  :

           -against-

                                                                 :

THE ORIGINAL OLD HOMESTEAD
RESTAURANT, INC. d/b/a OLD HOMESTEAD,    :
GREGORY SHERRY, MARC SHERRY, and LUIS
ACOSTA,                                                   :

                    Defendants.        :
------------------------------------------------------------------ x


## DEFENDANTS' SUR-REPLY MEMORANDUM
## OF LAW IN FURTHER OPPOSITION TO
## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

MCDERMOTT WILL & EMERY LLP
Joel E. Cohen, Esq.
340 Madison Avenue
New York, New York 10173
(212) 547-5400
*Attorneys for Defendants*

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| BRIEF STATEMENT OF FACTS | 1 |
| ARGUMENT | 3 |
| I. PLAINTIFFS ONLY OBTAINED MONETARY RELIEF FROM THIS LAWSUIT. | 3 |
| II. THE CHANGES IN THE RESTAURANT'S PAY PRACTICES CANNOT BE ATTRIBUTED TO PLAINTIFFS' LAWSUIT | 4 |
| III. THE AMOUNT OF MONETARY RELIEF OBTAINED BY PLAINTIFFS IS A NUISANCE VALUE | 7 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

## CASES                       PAGE

Affiliated FM Ins. Co. v. Jou Jou Designs, Inc. et al., No. 90-Civ-8262, 1997 U.S. Dist. LEXIS 12271 (S.D.N.Y. Aug. 8, 1997) ................................................................. 4

Baird v. Boies, Schiller & Flexner, 219 F. Supp. 2d 510 (S.D.N.Y. 2002) ................... 3

Bush et al. v. Bays et al., 463 F. Supp. 59 (E.D. Va. 1978) ......................................... 6

Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598 (2001) ............................................................................................................. 6

Chan v. Sung Yue Tang Corp. et al., No. 03-Civ-6048, 2007 U.S. Dist. LEXIS 7770 (S.D.N.Y. Feb. 1, 2007) ........................................................................................ 7

Cowan et al. v. Treetop Enters. et al., 163 F. Supp. 2d 930 (M.D. Tenn. 2001) ............... 7

Do Yea Kim v. 167 Nail Plaza, No. 05-Civ-8560, 2007 U.S. Dist. LEXIS 52004 (S.D.N.Y. Jul. 7, 2008) ............................................................................................ 7

Doo Nam Yang v. ACBL Corp. et al., 427 F. Supp. 2d 327 (S.D.N.Y. 2005) ............... 7

Jones v. Kreisel Co., Inc., No. 90-Civ-7412, 1995 U.S. Dist. LEXIS 17044 (S.D.N.Y. Nov. 16, 1995) ............................................................................................. 3

McGinty et al. v. State of N.Y. et al., 251 F.3d 84 (2d Cir. 2001) ................................ 6

# BRIEF STATEMENT OF FACTS

On May 8, 2008, Plaintiffs Sayed Khalil, Wayne Walker, Mohamed Elmahdy, Brian LaHoff, Sebastian Gac, Spiridon Hiotis, Eric Liberatos and Christos Tsavegias (collectively, the "Plaintiffs") accepted an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure in the total amount of $36,000, not inclusive of attorneys' fees. Accordingly, on June 16, 2008, Plaintiffs filed a Motion for Attorneys' Fees and Costs ("Moving Papers" or "Mov."). Notably, in the Moving Papers, Plaintiffs exclusively characterized their recovery in this action as "monetary relief," which they argued was the same type of relief that they sought in the Complaint. (Mov. at 4).

On June 30, 2008, Defendants The Old Homestead ("Old Homestead"), Gregory Sherry, Marc Sherry and Luis Acosta (collectively, the "Defendants") submitted their Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs ("Opposition Papers" or "Opp."). In the Opposition Papers, Defendants requested that the Court deny any attorneys' fees or costs given the disclaimer language contained in the offer of judgment, which stated that the offer was not to be construed as an admission of liability or a judgment on the merits. (Opp. at 3-4). Defendants also requested that, in the event that the Court were to award attorneys' fees and/or costs in this action, the Court should reduce the requested Lodestar amount by 60%, reduce Louis Pechman, Esq.'s billing rate and then reduce the total amount by another 60% for the nuisance success obtained by Plaintiffs in this action. One argument made by Defendants in support of their request for a reduction in the requested attorneys' fees was that because Plaintiffs sought monetary, declaratory and equitable relief in the Complaint, and only obtained a small monetary recovery as a result of the offer of judgment, Plaintiffs' nuisance monetary success should greatly reduce the attorneys' fees requested. (Opp. at 20, 23).

On July 8, 2008, Plaintiffs served their Reply Memorandum of Law in Further Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Reply").[1] In their Reply, Plaintiffs took the novel position that, in addition to their monetary recovery, Plaintiffs received other forms of relief manifested in various changes in the Restaurant's practices. (Reply at 8; Affidavit of Wayne Walker, sworn to July 8, 2008 ("Walker Aff."), ¶¶5, 7). To support this assertion, Plaintiffs relied upon the Affidavit of Plaintiff Wayne Walker. (Reply at 8). Importantly, Mr. Walker's Affidavit, which was never submitted with the Moving Papers, characterized the relief obtained by Plaintiffs in a far different light than did the Plaintiffs' Moving Papers. (Walker Aff. ¶¶5, 7). More specifically, Mr. Walker asserted that the Restaurant changed two of its practices in response to the lawsuit and, as such, Plaintiffs obtained the requested relief they initially sought in the Complaint. (Id.).

Upon receiving the reply papers containing this new characterization of the relief obtained by Plaintiffs, Defendants requested that this Court either strike the reply papers or that the Court order oral arguments to allow Defendants to respond to this additional evidence. In response to Defendants' request, the Court permitted Defendants to submit Sur-Reply papers to address Plaintiffs' new contentions concerning the nature of their recovery as raised in Mr. Walker's Affidavit and in the Reply. Accordingly, Defendants submit these Sur-Reply papers for the specific purpose of addressing Plaintiffs' new contentions in their Reply concerning the changes in the Restaurant's practices as it applies to the Court's analysis of attorneys' fees.[2] In the event that the Court decides to award any fees and/or costs, the Court should disregard these

---

[1] Defendants preserve their objection to the fact that Plaintiffs submitted their reply papers without requesting permission from the Court to do so, especially given that the Court did not order reply papers to be submitted in its briefing schedule concerning the motion for attorneys' fees.

[2] For the reasons stated in the Opposition Papers at 3-4, Defendants maintain their position that Plaintiffs are not entitled to attorneys' fees and costs because they are not prevailing parties. However, in the event the Court chooses to award any attorneys' fees and/or costs, Defendants submit this Sur-Reply for the Court's review regarding the newly-asserted factual allegations concerning the Restaurant's pay practices.

newly-asserted practices because they were not judicially-sanctioned and there is no evidence that they arose as a result of Plaintiffs' lawsuit.

## ARGUMENT

In Plaintiffs' Reply, and for the first time ever, Plaintiffs asserted that they in fact obtained some non-monetary relief as a result of this lawsuit manifested in changes in the Restaurant's pay practices. (Reply at 8). Plaintiffs incorporated this new characterization of their relief in their Reply, relying on statements contained in Mr. Walker's Affidavit. (Walker Aff. ¶¶5, 7). Significantly, this characterization of the relief obtained in this action contradicted Plaintiffs' Moving Papers, which *exclusively* characterized Plaintiffs' recovery as "monetary," and made *no mention* of any policy changes at the Restaurant. (See Mov. at 4, "Here, each of the eight plaintiffs received monetary relief, *which is the form of relief they originally sought in the Complaint in this action.*")(emphasis added). As stated in greater detail below, the Court should disregard these newly-asserted characterizations of Plaintiffs' relief in this action in its assessment of attorneys' fees.

### I. PLAINTIFFS ONLY OBTAINED MONETARY RELIEF FROM THIS LAWSUIT.

It is well-settled that attorneys' fees should be reduced to account for the type of relief requested by Plaintiffs and the actual amount and type of relief they ultimately recovered in the action. See Baird v. Boies, Schiller & Flexner, 219 F. Supp. 2d 510, 524-25 (S.D.N.Y. 2002)(reducing fees by 60% because plaintiffs did not obtain requested equitable or declaratory relief); Jones v. Kreisel Co., Inc., No. 90-Civ-7412, 1995 U.S. Dist. LEXIS 17044, at *11-12 (S.D.N.Y. Nov. 16, 1995)(receipt of settlement without requested equitable or declaratory relief warranted reduction in fees). As the type of recovery obtained by Plaintiffs is obviously critical to Plaintiffs' request for attorneys' fees, it cannot be denied that Plaintiffs' failure to include other

forms of relief in their Moving Papers -- such an integral piece of information to support their request for attorneys' fees -- is an implicit acknowledgement that Plaintiffs do not truly believe (nor would any reasonable person) believe that Plaintiffs obtained anything other than monetary relief as a result of the offer of judgment in this action. The fact that Plaintiffs only made this brand new assertion in response to the Opposition Papers is disingenuous and should not be given credence by the Court in analyzing Plaintiffs' attorneys' fee motion.

As discussed in greater detail in Defendants' Opposition Papers at pages 19-23, Plaintiffs obtained a nuisance recovery in this action because, *inter alia*, as acknowledged by Plaintiffs *in their Moving Papers*, Plaintiffs *only* recovered monetary relief as a result of the offer of judgment. (Opp. at 19-23; Reply at 8). Thus, Plaintiffs' decision to change the characterization of their relief in their Reply calls into question the legitimacy of their own belief as to the real form of relief they actually obtained for purposes of justifying an award of attorneys' fees and/or costs. Had Plaintiffs *actually* received any additional relief in this action, they would have obviously raised such relief in support of their Moving Papers. See, e.g., Affiliated FM Ins. Co. v. Jou Jou Designs, Inc., No. 90-Civ-8262, 1997 U.S. Dist. LEXIS 12271, at *9, fn.2 (S.D.N.Y. Aug. 8, 1997)(denying motion in case where party introduced contradicting theories between its own pleadings). Thus, their attempts to raise these contentions in their Reply merely suggests that Plaintiffs did not in fact recover anything except a small amount of monetary relief in this action.

## II. THE CHANGES IN THE RESTAURANT'S PAY PRACTICES CANNOT BE ATTRIBUTED TO PLAINTIFFS' LAWSUIT.

In the Reply at 2, Plaintiffs asserted that two business practices at the Restaurant that were the subject of Plaintiffs' Complaint (*i.e.*, "General Manager Acosta's receipt of tips and the calculation of hours for wages") changed as a result of their lawsuit. (Reply at 2). In his

Affidavit, Mr. Walker described in greater detail the alleged changes in these practices. (Walker Aff. ¶¶5, 7). As demonstrated below, none of the Defendants' voluntary changes in conduct can be ascribed to Plaintiffs' lawsuit. Thus, these changes cannot justify an award of attorneys' fees.

First, Mr. Walker states that as a result of the lawsuit, "Old Homestead changed its policies in relation to Acosta and 'officially' named him General Manager, placed him entirely on salary, and Acosta no longer partakes in any share of tips earned by waiters." (Walker Aff. ¶5). As an initial matter, the allegations in the Complaint concerning Mr. Acosta were that he unlawfully *tainted the waiters' tip pool* by taking tips from it as a General Manager. (See Supplemental Affidavit of Joel E. Cohen, Esq. ("Supp. Cohen Aff.") Ex. A at ¶¶37, 42). There was never any allegation made that *following* the break-up of the tip pool, Mr. Acosta continued unlawfully sharing tips with waiters (nor by definition could he). (Id.). It belies logic and common sense that Plaintiffs can claim responsibility for "changing" this practice when there is no dispute that the tip pool broke up in November 2006 – *over two months before the Complaint in this action was filed on January 30, 2007*. In addition, it is unclear how Plaintiffs can take credit for the Restaurant "officially" naming Mr. Acosta as the General Manager, when the Complaint exclusively refers to Mr. Acosta as a General Manager at the start of the lawsuit. (See Supp. Cohen Aff., Ex. A at ¶13, "At all times material herein, he was the General Manager at Old Homestead"). Thus, Plaintiffs' lawsuit could not be the "triggering force" that caused these alleged "practices" to change, and the Court should view Mr. Walker's submitted affidavit for what it is – an obviously false submission.

Next, Mr. Walker states that, as of June 25, 2008, the Restaurant began placing workers on shifts that correlated more closely with the hours for which they received wages. (Walker Aff. ¶7). Mr. Walker apparently assumes that because this practice occurred "25 days after

Judgment was entered," *ipso facto*, the sequence dictates that the lawsuit's outcome changed the Restaurant's practice. However, no judicially-sanctioned judgment was ever taken with respect to this change (*i.e.*, the Court never awarded any injunctive relief or entered a consent order), so Mr. Walker cannot prove that this practice occurred only in response to the lawsuit for attorneys' fees purposes.

Significantly, the law is clear that Defendants' *voluntary* change in conduct "although perhaps accomplishing what the plaintiff[s] sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change," thereby not warranting an award of attorneys' fees because there was no alteration in the legal relationship of the parties. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 605 (2001)(affirming denial of attorneys' fees in case where, following filing of complaint, state legislators changed law voluntarily, because no showing that plaintiffs were "prevailing parties" whose lawsuit triggered the change); McGinty *et al.* v. State of N.Y. *et al.*, 251 F.3d 84, 42 (2d Cir. 2001)(denying attorneys' fees because plaintiffs' lawsuit not catalyst for corrective action); see also Bush *et al.* v. Bays *et al.*, 463 F. Supp. 59, 66 (E.D. Va. 1978)(denying attorneys' fees because attorneys "caught hold of a train on its way out of the station . . . . [P]laintiffs' lawsuit played no part in firing the boiler, getting up a head of steam, or opening the throttle. Plaintiffs just went along for the ride."). Plaintiffs have not presented any evidence, other than the late sequence of events, that would demonstrate Plaintiffs' lawsuit had anything to do with the Restaurant's changes. Thus, the Court cannot make any fee award based on these newly-asserted changes which cannot reasonably be attributed to Plaintiffs' lawsuit.

## III. THE AMOUNT OF MONETARY RELIEF OBTAINED BY PLAINTIFFS IS A NUISANCE VALUE.

In their Reply papers, Plaintiffs asserted that they make low salaries, and that the monetary recovery they each received was far greater than they could have expected. (Reply at 8; Walker Aff. ¶9). Moreover, they assert that "recovery in FLSA actions is typically low." (Reply at 8). As a practical matter, plaintiffs in wage and hour cases that are litigated in the Southern District of New York typically recover far greater sums than Plaintiffs' recovery in this action. See, e.g., Do Yea Kim v. 167 Nail Plaza, No. 05-Civ-8560, 2008 U.S. Dist. LEXIS 52004, at *17 (S.D.N.Y. Jul. 7, 2008)(awarding single plaintiff $159,100 in FLSA action not including attorneys' fees); Chan v. Sung Yue Tang Corp. et al., No. 03-Civ-6048, 2007 U.S. Dist. LEXIS 7770, at *85 (S.D.N.Y. Feb. 1, 2007)(awarding $699,374, not inclusive of attorneys' fees, to 11 restaurant waiters and busboys in similar wage and hour action); Doo Nam Yang v. ACBL Corp. et al., 427 F. Supp. 2d 327, 343 (S.D.N.Y. 2005)(awarding single plaintiff $70,960 in FLSA action, not including attorneys' fees); see also Cowan et al. v. Treetop Enters. et al., 163 F. Supp. 2d 930, 942 (M.D. Tenn. 2001)(awarding $2,868,841 to restaurant workers in FLSA action). Because workers throughout New York City have earned far greater recoveries than Plaintiffs in similar actions, it was a mischaracterization for Plaintiffs to state that "[w]hile these amounts may seem nominal to someone earning a New York lawyer's salary, to waiters . . . the amounts were hardly 'nuisance.'" (Reply at 8).

Accordingly, it is highly unlikely that any reasonable restaurant worker at a high-end restaurant in New York City such as Old Homestead would expect an average monetary recovery of $4,500 to be a great accomplishment by any stretch of the imagination.[3] In fact, Plaintiffs

---

[3] Defendants also note that in the real world, waiters at high-end restaurants like the Old Homestead earn over six-figure incomes. Most of their compensation is in the form of tips (both in cash and credit cards), not hourly wages.
(continued...)

were originally seeking well over one million dollars based on the allegations in their Complaint, which included alleged tip pool violations resulting in a significantly higher minimum wage, claims of significant unpaid straight time hours, unpaid overtime hours, etc. Again, we remind the Court that this collective action was also filed as a class action seeking millions of dollars in damages. Thus, a recovery of $36,000 for eight Plaintiffs, when viewed in the context of the original allegations, is clearly nuisance value. The findings made by Arbitrator Townley[4] regarding the Restaurant's pay practices lend credence to the fact that Plaintiffs accepted a nuisance value settlement because they realized full well how weak their case actually was after attending the arbitration. Mr. Pechman admits this much in his Reply Affidavit. (Pechman Aff. ¶¶22-23).

---

Contrary to Plaintiffs' assertion, many waiters at Old Homestead probably earn more than many lawyers in New York City and work far fewer hours as well.

[4] The 38-page arbitration decision was previously submitted to the Court with Defendants' Opposition Papers as Exhibit J to the Affidavit of Joel E. Cohen, Esq., sworn to on June 30, 2008.

## CONCLUSION

For the reasons stated in Defendants' Opposition Papers, Defendants request that this Court deny Plaintiffs' Motion for Attorneys Fees and Costs in its entirety. In addition, for the reasons stated herein, if the Court awards any attorneys' fees or costs, the Court should only consider Plaintiffs' monetary relief in fashioning an appropriate fee award, as the newly-asserted changes in business practices were not judicially-sanctioned changes and cannot reasonably be attributed to Plaintiffs' lawsuit.

Dated: July 24, 2008
New York, New York

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

BY: _____
Joel E. Cohen, Esq.
340 Madison Avenue
New York, New York 10173
(212) 547-5400
*Attorneys for Defendants*

NYK 1170417-1.041370.0011