UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SAYED KAHLIL, WAYNE WALKER,
MOHAMED ELMAHDY, and BRIAN
LAHOFF, on behalf of themselves and all           07 Civ. 695 (RJH) (THK)
others similarly situated,

              Petitioners,

      - against -                                      **MEMORANDUM
                                           OPINION AND ORDER**

THE ORIGINAL OLD HOMESTEAD
RESTAURANT, INC., d/b/a OLD
HOMESTEAD, GREGORY SHERRY, MARC
SHERRY, and LUIS ACOSTA,

              Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiffs move to recover attorneys' fees in the amount of $117,125.00 and costs in the amount of $2,612.15 to compensate their attorneys for the efforts and costs expended from the inception of litigation through June 13, 2008, the date on which the application for fees was completed. For the reasons set forth below, the Court grants plaintiffs' motion, awarding fees in the amount of $93,172.75 and costs of $2,612.15.

## BACKGROUND

       Plaintiffs Sayed Kahlil, Wayne Walker, Mohamed Elmahdy and Brian Lahoff were employed as waiters at defendant The Original Old Homestead Restaurant. On January 30, 2007, plaintiffs filed a complaint to resolve wage and hour disputes arising under section 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") and section 198 of the New York State Labor Law ("NYLL"). 29 U.S.C. § 216(b) (2008); N.Y. Lab. Law

1

§ 198 (McKinney 2009).  Plaintiffs were represented in this matter by Louis Pechman, a partner at Berke-Weiss & Pechman LLP ("BWP"), and Jaime Duguay, an associate at the same firm.  On April 29, 2008, mid-way through the discovery process, defendants submitted an offer of judgment in the amount of $36,000, exclusive of attorneys' fees, pursuant to Rule 68 of the Federal Rules of Civil Procedure.  Plaintiffs accepted the offer of judgment on May 8, 2008, and judgment was entered by the Clerk on May 30, 2008.  On June 13, 2008, plaintiffs filed a Motion for Attorneys' Fees and Costs, pursuant to FLSA § 216(b) and NYLL § 198.  Plaintiffs seek $119,737.15 to compensate Pechman and Duguay for labor and costs incurred up to the filing of the motion.  Defendants oppose the award of attorneys' fees and costs on the grounds that plaintiffs did not prevail in the foregoing litigation.  In the alternative, defendants contend that the requested fee award should be reduced in light of Pechman's excessively high hourly rate, the limited nature of plaintiffs' success, the vagueness of BWP's time entries, BWP's small size, excessive hours, billing of clerical tasks at attorney rates, and billing of work completed prior to the filing of the complaint.

**I       PLAINTIFFS ARE THE PREVAILING PARTY.**

In an action pursuant to the FLSA, a "prevailing party" must be awarded reasonable attorneys' fees and costs: "The Court in such action *shall* . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b) (emphasis added).  Likewise, the NYLL requires that "[i]n any action . . . in which the employee prevails, the court *shall* allow such employee reasonable attorney's fees . . . ."  § 198(1-a) (emphasis added).

Plaintiffs are the prevailing party for the purposes of the FLSA and NYLL "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)). Likewise, to qualify as a prevailing party, a plaintiff must demonstrate a change in the legal relationship between itself and the defendant arising from the resolution of the lawsuit. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).

The judgment in this case suffices to establish plaintiffs as the prevailing party under the FLSA and NYLL. Where, as here, plaintiffs obtained a favorable settlement, they are entitled to an award of attorneys' fees: "[t]he fact that [plaintiff] prevailed through a settlement rather than through litigation does not weaken [plaintiff's] claim to fees." *Maher v. Gagne*, 448 U.S. 122, 129 (1980). Defendants contend that the settlement is insufficient to render plaintiffs the prevailing party because the complaint sought monetary, declaratory, and equitable relief, while the offer of judgment provided only monetary relief. The Court finds defendants' argument unpersuasive. Plaintiffs surely obtained some of the relief sought, and no court in this circuit has indicated that relief obtained in settlement must exactly match relief sought in the complaint. *See Lyte v. Sara Lee Corp.*, 950 F.2d. 101, 104 (2d Cir. 1991) (holding that a plaintiff may be considered a prevailing party if the relief obtained through settlement is of the "same *general* type" as relief requested in the complaint); *Koster v. Perales*, 903 F.2d 131, 134 (2d Cir. 1990) ("A plaintiff may be considered a prevailing party even though the relief ultimately obtained is not identical to the relief demanded in the complaint"); *Texas State*

*Teachers Ass'n.*, 489 U.S. at 791–92 (indicating that a plaintiff's receipt of some of the benefit sought is enough to "cross the threshold to a fee award of some kind").

The Court also finds unpersuasive defendants' argument that the disclaimer of liability in the offer of judgment indicates that the settlement did not change the legal relationship between the parties, and therefore that plaintiffs are not the prevailing party. It is not necessary for a defendant to admit liability in order for a plaintiff to be designated as the prevailing party. In *Buckhannon,* the Supreme Court indicated that a consent judgment without an admission of liability by the defendant "[is] nonetheless . . . a court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant.'"  532 U.S. at 604, citing *Texas State Teachers Ass'n.*, 489 U.S. at 792. Further, the Supreme Court in *Maher v. Gagne* upheld an award of attorneys' fees based on a settlement agreement containing a disclaimer of liability similar to the one in defendants' offer of judgment.  *See* 448 U.S. at 126 n.8.  The Court therefore finds that plaintiffs are the prevailing party, and that they are entitled to attorneys' fees and costs under the FLSA and NYLL.

**II      ATTORNEYS' FEES**

     A.    <u>Reasonable Rate</u>

Although both parties refer to the "lodestar" method of devising reasonable attorneys' fees, the Court of Appeals recently abandoned this terminology in favor of calculating a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  District courts are now urged to focus their equitable analysis on the determination of a

reasonable hourly rate that a "paying client would be willing to pay." *Id*. at 189–90.  In determining a reasonable rate, the Court should consider, *inter alia*, the "Johnson factors" enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989); *see Arbor Hill,* 522 F.3d at 187.[1]  Courts should take account of the fact that a paying client wishes to spend the least amount possible to litigate the case in an effective manner.  *Id.* at 190.

As this Court has recently noted, the *Arbor Hill* opinion sows some confusion as it does not explicitly address whether and how the *Johnson* factors are to be applied to the determination of reasonable hours or to calculation of and adjustment to the "presumptively reasonable fee."  *McDow v. Rosado*, No. 05 Civ. 9787 (RJH), slip op. at 4–5 (S.D.N.Y. Sept. 29, 2009).  Reading *Arbor Hill* broadly, the Court understands that the *Johnson* factors, among others, should be applied throughout the analysis to (1) determine a reasonable hourly rate, (2) determine the reasonable number of hours, (3) calculate a "presumptively reasonable fee," and (4) make any further adjustments to arrive at the actual fee award.  *See id.*

Turning to the present case, plaintiffs seek a total fee award of $117,125 to compensate Mr. Pechman and Ms. Duguay for 480.1 hours of work.  Mr. Pechman's time charges include 75.3 hours billed at $400 per hour and 75.1 hours at $500 per hour.  Ms. Duguay's billing rate is $150 per hour.  Courts in this circuit award fees at a uniform

---

[1] "The *Johnson* factors are:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  *Arbor Hill,* 522 F.3d at 187.

5

rate based on the current rate as opposed to an historical rate. *Farbotko v. Clinton County,* 433 F.3d 204, 211 n.11 (2d. Cir 2005) (current rates compensate for delay in payment). Defendants do not dispute Ms. Duguay's $150 hourly fee, but they request a reduction in Mr. Pechman's fee to $350 per hour for the duration of the litigation.

To determine the currently prevailing reasonable rate, courts look first to the lawyer's level of experience. *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 386 (S.D.N.Y 2000). Mr. Pechman, who specializes in labor and employment law, has roughly 25 years of experience and is well respected at the bar. Courts in this district have held that $350 per hour is an appropriate fee for an attorney with less experience than Mr. Pechman. *See, e.g.*, *Torres v. City of New York*, No. 07 Civ. 3473, 2008 WL 419306, at *1 (S.D.N.Y. Feb. 14, 2008) (holding that $350 per hour is not an unreasonable fee for an attorney with 10 years' experience); *Marisol A.*, 111 F. Supp. 2d at 386 (holding $350 is an appropriate award for attorneys with roughly 15 years' experience). Courts in this district have awarded hourly fees of more than $400 to attorneys with levels of experience comparable to, or higher than, Mr. Pechman. *See, e.g.*, *Ashkinazi v. Sapir*, No. 02 Civ. 2, 2005 WL 1123732, at *3 (S.D.N.Y. May 10, 2005) (awarding $425 per hour to a partner in a small firm with 26 years' experience, who specializes in employment law); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 545–46 (S.D.N.Y. 2008) (awarding $600 per hour to a partner with over 35 years' experience in employment law, including a stint as the director of the Women's Rights Project at the A.C.L.U).

Awards in similar cases indicate that $400 is an appropriate fee in light of BWP's small size. Courts in this district have held that fee awards to small firms should be

6

adjusted downwards, because such firms "do[] not incur the same overhead costs that burden a large law firm." *Saunders v. The Salvation Army*, No. 06 Civ. 2980, 2007 WL 927529, at *3 (S.D.N.Y Mar. 27, 2007). A recent survey of attorneys' fees awarded in this district found that "[w]ithin the last five years, courts have approved rates ranging from $250 to $425 per hour for work done by partners in small firms in this district." *Reiter v. MTA of New York*, No. 01 Civ. 2762, 2007 WL 2775144, at *7 (S.D.N.Y. Sept. 25, 2007). Having reviewed counsel's submission, the Court does not accept defendant's contention that Mr. Pechnan misallocated his time to inappropriate, low-level matters. On the other hand, the fact that the wage and hour issues in this case were not particularly complex or unusual supports application of the unexceptional rate of $400 per hour for a senior lawyer with 25 years' experience. It would be possible to consider further adjustments to the hourly rate (up or down) in light of certain other *Johnson* factors, particularly "the amount involved and the results obtained."[2] This factor is more readily addressed in the final step of adjusting the "presumptively reasonable fee" and will be considered below. *See McDow*, No. 05 Civ. 9787 at 7–8.

    B.    <u>Reasonable Hours</u>

Plaintiffs should receive compensation only for hours that were reasonably expended. *Hensley,* 461 U.S. at 433. District courts should exclude fees billed for time that is "excessive, redundant, or otherwise unnecessary." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Defendants contend that the Court should reduce BWP's total hours billed by at least 60 percent because the hours are excessive, billing entries are vague, and compensation should not be provided for time spent executing

---

[2] On the other hand, certain *Johnson* factors such as the time and labor required or the time limitations imposed bear little relevance to determining a reasonable rate and are more appropriately considered in assessing counsel's reasonable hours. *See Rozell v. Ross-Holst*, 576 F. Supp. 2d at 537 n.1.

7

clerical tasks.  The Court agrees that an across-the-board reduction in hours billed is appropriate, and concludes that a reduction of 15 percent is reasonable.

It is well established that across-the-board reductions are appropriate when "billing records are voluminous" and numerous billing entries are in dispute.  *Reiter*, 2007 WL 2775144 at *13; *Sabatini v. Corning-Painted Post Area Sch. Dist.*, 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)).  Defendants raise numerous examples of inefficient billing practices.  For example, plaintiffs billed a total of 49.3 hours for drafting five short letters (between 2.5 hours and 18.7 hours apiece), which contained either no case citations or a single case citation.  Likewise, comparison of Mr. Pechman and Ms. Duguay suggest further inefficiencies:  Ms. Duguay billed a total of 84.5 hours for internal conversations with Mr. Pechman, while the latter billed only 15.6 hours for internal conversations with Ms. Duguay.  Of course, some of this discrepancy may reflect under-billing by Mr. Pechman (Reply Aff. of Louis Pechman, dated July 8, 2008, ¶ 16), but prudence dictates that inconsistencies be resolved against plaintiffs as they carry the burden in establishing the reasonableness of their fees.

The Court also agrees with defendants that BWP should not be compensated for the time that Ms. Duguay spent executing purely clerical tasks, like downloading documents, speaking with copy vendors, filing, and faxing documents.  Plaintiffs contend that this time should be compensated at paralegal rates, because courts in this circuit have awarded $75 per hour for tasks typically completed by paralegals.  *See A.R. ex rel. R.V. v. New York City Dep't. of Educ.*, 407 F.3d 65, 71–72 (2d Cir. 2005).  Even paralegal work, however, is not compensable if it is purely clerical.  *See Bridges v. Eastman Kodak Co.*,

8

No. 91 Civ. 7985, 1996 WL 47304, at *7 (S.D.N.Y. Feb. 06, 1996), *aff'd*, 102 F.3d 56 (2d Cir. 1996) (filing, delivery, service of papers, and other secretarial tasks are normally subsumed into an attorney's overhead expenses, and are therefore not compensable).

The Court rejects, however, defendants' contention that the vagueness of plaintiffs' billing entries warrants further reduction. Attorneys applying for court-ordered compensation must document the application with time records: "these records should specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n. for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). BWP's billing entries meet these requirements. Courts in this circuit have held that general descriptions of completed work are sufficient. *See Aiello v. Town of Brookhaven*, No. 94-2622, 2005 WL 1397202, at *2 (E.D.N.Y. June 13, 2005) (indicating that "[i]t is not required that counsel describe in great detail how billable time was spent; it is sufficient to identify the general subject matter of time expenditures"). Further, plaintiffs' use of block billing satisfies the *Carey* standard because there is no evidence that this practice has obscured unreasonable billing. *Hnot v. Willis Group Holdings Ltd.*, No. 01-6558, 2008 WL 1166309, at *6 (S.D.N.Y. April 7, 2008).

The Court also rejects defendants' argument that fees incurred prior to filing the complaint should not be awarded. Courts in this circuit typically award attorneys' fees for pre-filing preparations. *See, e.g.*, *Lavin-McEleney v. Marist College*, No. 96-4081, 1999 U.S. Dist. LEXIS 22499 (S.D.N.Y. Sept. 28, 1999) (awarding fees for pre-filing settlement discussions); *Cruz v. Henry Modell & Co*., No. 05-1450, 2008 WL 905351, at *6 (E.D.N.Y. Mar. 31, 2008) (awarding fees for time spent drafting the complaint).

In adopting a 15 percent across the board discount, the Court does not find that counsel engaged in any improper billing practices. Rather, having reviewed all the time sheets and considering the nature of the case and stage of proceedings, I simply conclude that greater efficiencies could have been achieved and would have resulted in lower billable hours.

### C.  Reasonable Fee

The presumptively reasonable fee based on the foregoing analysis is $ 93,172.25. Defendants contend, however, that plaintiffs' fee request should be further reduced by 60 percent because the suit was settled for nuisance value. While defendants cite other FLSA cases in which awards were substantially greater, the Court is aware of no authority for the proposition that $36,000 (or $4,500 per plaintiff) could be considered *de minimis* or of only nuisance value. Indeed, far smaller recoveries have supported the award of substantial statutory fees. *See, e.g.*, *Barfield v. New York City Health and Hosp. Corp.*, 537 F.3d 132 (2d Cir. 2008) ($49,889 in attorney fees awarded in FLSA action following summary judgment in the amount of $1,600). To be sure, one of the most important factors a court should consider in awarding fees is the degree of success obtained. *Id.* at 152; *Kassin v. City of Schenectady*, 415 F.3d 246, 254 (2d Cir. 2005); *Pino v. Locascio*, 101 F.3d 235, 237–38 (2d Cir. 1996). At the same time, the simple disproportion between a plaintiff's recovery and the fee applied for is not a proper basis for a reduction in an otherwise reasonable fee. *See Kassin*, 415 F.3d at 252. This is particularly so where, as here, opposing counsel wages a tenacious defense which expands the time required to pursue even straightforward claims. Having imposed a 15 percent reduction in plaintiffs' recoverable hours, the Court is of the considered view that

10

no further adjustment is warranted. Plaintiffs achieved a reasonable result fully justifying the adjusted fee.

**III     COSTS**

Fee awards include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citing *United States Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989)). Plaintiffs request $2,612.15 to reimburse BWP for costs expended in the course of litigation, including photocopies and postage, which are typically compensable in fee awards. *See Aston v. Sec'y of Health and Human Servs.*, 808 F.2d 9, 12 (2d Cir. 1986) (holding that photocopying and postage are compensable expenses). Defendants contend that the vagueness of plaintiffs' photocopying cost entries warrants a 60 percent reduction in this amount. Plaintiffs, however, break down photocopy costs by month, number of copies, and cost per page. The Court finds that no further description or documentation is necessary. The Court likewise rejects defendants' contention that costs must be supported by invoices or receipts, because no decision in this district has included such a requirement and BWP's in-house photocopying practices would render such a requirement inefficient. The Court awards plaintiffs $2,612.15 to reimburse BWP for costs.

## CONCLUSION

For the reasons stated above, the Court grants plaintiffs' motion for attorneys' fees and costs. The Court awards fees to Ms. Duguay at $150 per hour, and to Mr. Pechman at $400 per hour. The Court imposes an across-the-board 15 percent reduction in hours billed by, for a total of 408.1 hours. Total attorney's fees are $93,172.75. The Court also awards $2,612.15 for costs incurred by BWP, for a total award of $95,784.30.

SO ORDERED.

Dated: New York, New York
       September 30, 2009

Richard J. Holwell
United States District Judge